AUGUSTUS N. FOOTE, EXECUTOR, ETC., v. CAROLINE
PFEIFFER.

*Statute of limitations—Commencement of new suit within one
year—Action by personal representatives.*

A new suit, whether brought by the plaintiff or his personal repre-
sentatives, under How. Stat. § 8723, must be commenced within
the statutory year.

Error to Lenawee. (Watts, J.) Argued May 22, 1888.
Decided June 8, 1888.

*Assumpsit.* Defendant brings error. Reversed, without a
new trial. The facts are stated in the opinion.

*J. C. Winne,* for appellant.

*Westerman & Westerman,* for plaintiff.

CAMPBELL, J. The only question in this case arises under
the statute of limitations. The decedent had an account
against defendant in which the last debit item was in May,
1877. The last credit item of payments by defendant herself
was in July, 1877. Two payments, credited in August and
September, were made by other parties, and there may be
some question whether they could be regarded as such pay-
ments as under the statute keep alive a debt. But this is not
now very material.

On September 17, 1883, just three days less than six years
after the September payment of 1877, Berry sued out a sum-
mons before one M. P. Long, a justice of the peace, who did
not render judgment until after December 14, 1883, when
the case was tried. This judgment was reversed April 7,
1885, more than a year after it was appealed to the circuit.
The reversal was because the justice had lost jurisdiction by

delaying the judgment more than five days after hearing. Mr. Berry died March 10, 1886, not quite a month before the lapse of a year from the reversal. The executor qualified April 6, 1886, one day before the end of the year, and filed his bond on the 7th. This suit was begun May 14, 1886, a month and seven days after the year expired.

It will be seen that Mr. Berry waited until six years, lacking only three days, had expired after the last payment made by any one on the account. His suit after delay before the justice, and subsequent delay by the justice, passed beyond the jurisdiction of the magistrate, whose judgment was absolutely void. The appeal, after another long delay, was decided in April, 1885, a year and a half after the suit was begun. Berry waited nearly another year without suing, and his executor waited more than a month after his own appointment, and after the year of grace had run out.

The statute requires all such actions as the present to be brought within six years after they accrue. Having once begun to run, it could only be suspended by the statutory causes. The only one applicable here is the institution of a suit within six years, and in case of its abatement or determination, or its reversal, a new suit within one year thereafter. The language is:

"The plaintiff may commence a new action for the same cause, at any time within one year after the abatement or other determination of the original suit, or after the reversal of the judgment therein; and if the cause of action does by law survive, his executor or administrator may, in case of his death, commence such new action within the said one year." How. Stat. § 8723.

This language is plain, and has but one meaning. When the statute has run out, and the plaintiff seeks to have further time by reason of having fruitlessly prosecuted his suit seasonably, one full year is given to sue again, without reference to the time which ran out before the first suit. In the present case a delay of one year was granted when only three

days had remained before the original suit was begun. This period of grace depends entirely on the statute, and it gives no further delay on account of plaintiff's death in the interval, but requires the personal representative as well as the plaintiff himself to sue within the same year. There is no room for interposing any other terms applicable to ordinary suits by executors and administrators. This is an exceptional case, and the rule is explicit. A new suit brought by any one whatever, after the year of grace expires, is barred.

It follows that the judgment must be reversed, with costs of both courts. The plaintiff's bill of particulars shows the action barred without the aid of the statutory extension, and there is nothing to warrant a new trial.

The other Justices concurred.