HENRY DENTON, *as Administrator, etc.*, v. THE CITY OF ATCHISON.

No. 15,073.   (90 Pac. 764.)

SYLLABUS BY THE COURT.

LIMITATION OF ACTIONS—*Dismissal without Prejudice—New Action.* A plaintiff who brings an action within the statutory period of limitation and dismisses the same without prejudice after the limitation has expired may bring a new action within one year after such dismissal under section 23 of the civil code (Gen. Stat. 1901, § 4451), but where the new action is dismissed more than one year after the first dismissal that section is no authority for the bringing of another new action.

Error from Atchison district court; BENJAMIN F. HUDSON, judge. Opinion filed June 8, 1907. Affirmed.

*L. F. Bird,* for plaintiff in error.

*W. A. Jackson,* city attorney, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: Henry Denton, as administrator of the estate of Thomas M. Hackett, deceased, brought this action against the city of Atchison to recover on a

street-improvement contract.   The work was to be done at the rate of ninety cents per linear foot, for which Hackett was to receive bonds issued against the property abutting on the improvement, and was to be paid only out of the money in the city treasury collected from assessments made in 1885.

Upon the completion of the work, in 1884, bonds were issued, but the assessment of abutting property was enjoined at the instance of the property owners; and these suits, in which the plaintiff was a party and wherein injunctions were granted, were dismissed in 1893.   No further steps were taken by the city or the plaintiff until 1897, when the plaintiff brought an action against the city to recover upon the claim involved in the present action.   That action pended until 1899, when it was dismissed by the plaintiff without prejudice to a future action.   Before May 17, 1900, a similar action was brought by the plaintiff against the city, and it remained pending and undetermined until April 26, 1904, when it was dismissed by the court because of the failure of the plaintiff to appear and prosecute the same.   On April 24, 1905, more than twenty years after the work was done, this action was brought, but the trial court held that the delay was fatal and that it was barred by the statute of limitations.

It is contended by plaintiff that no statute of limitations could run against his cause of action while the injunction suits of the property owners were pending. These were dismissed, as we have seen, in 1893, and it is claimed that plaintiff's original action, which was brought against the city within five years of that time, was commenced in good time.   That suit was dismissed in 1899 and a new action was instituted within one year from the dismissal, and the contention of the plaintiff is that it, too, was commenced in good time. The second suit was dismissed in 1904 and within one year after the dismissal the third suit was begun, and it is insisted that as it was brought within one year after the dismissal of a live action it is still in time.

Assuming that the operation of the statute of limitations was postponed by the injunction suits, and that the plaintiff's first action against the city was brought within the statutory period, it would follow that the second action, instituted as it was within one year after the dismissal of the first, was properly brought under section 23 of the civil code, which reads:

"If any action be commenced within due time and a judgment thereon for the plaintiff be reversed, or if the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or if he die and the cause of action survive, his representatives, may commence a new action within one year after the reversal or failure." (Gen. Stat. 1901, § 4451.)

Does that section authorize repeated new actions within one year after the discontinuance of the preceding one? If it does, then a cause of action may be kept alive and litigation upon it prolonged indefinitely. Such an interpretation of the section is not warranted. In effect the section provides that any action commenced before the statute of limitations has run and disposed of otherwise than upon the merits after the statute has run may be brought anew within one year after such disposition. Nothing in this saving clause justifies the interpretation that a new action may be brought more than one year after that disposition. The general periods of limitation are not changed by this provision, but it is intended to give a party who within the proper time brought an action which was disposed of otherwise than upon the merits after the statute of limitations had run a year of grace in which to reinstate his case and obtain a determination upon the merits. It is a substitute for the common-law rule of "journeys account," in which a plaintiff whose writ was abated for some matter of form which did not go to the merits might have a new writ within a reasonable time, computed by the number of days which the plaintiff must spend in journeying to reach the court.

Under the rule of our statute, if the dismissal occurs after the time limit has expired the plaintiff has one year from that dismissal to bring a new action. To get the benefit of this extension two things are essential: First, the action must have been commenced within due time; and, second, there must have been a failure otherwise than upon the merits after the general limitation of time had expired. Only one year after such failure is given to bring a new action. A new action begun more than one year after such failure, whether it was the second or third action, would be an enlargement of the time fixed by statute and would result in permitting the plaintiff to dismiss and reinstate at will and indefinitely. The statute is remedial, and should be liberally construed, with a view of carrying into effect the purpose of the legislature; but a liberal construction does not warrant an addition to the period fixed by statute. In *Shively v. Beeson,* 24 Kan. 352, in speaking of this provision, it was said that "no general prolongation of the right of action is intended." (Page 357.)

The case of *McWhirt v. McKee,* 6 Kan. 412, referred to by counsel, does not sustain his contention. The point there decided was that the cause of dismissal, if it did not dispose of the merits, was immaterial, and the question now under consideration was not mentioned. It will be observed, however, that while there had been three suits brought upon the same cause of action what is termed the second one was brought before the statute of limitations had run, and hence it was not preserved to the plaintiff by section 23 of the civil code. It may be properly treated as the original action, which was dismissed after the limitation had expired. The third suit was brought within one year after that dismissal, and hence was in time.

As tending to sustain the view taken reference is made to the following authorities: *Seaton v. Hixon,* 35 Kan. 663, 12 Pac. 22; *Robinson v. Merchants' & Miners' Trans. Co.,* 16 R. I. 637, 19 Atl. 113; *Foote v.*

*Pfeiffer,* 70 Mich. 581, 38 N. W. 586; *Humphrey v. Carpenter,* 39 Minn. 115, 39 N. W. 67; *Bagley et al. v. Stephens,* 80 Ga. 736, 6 S. E. 695; *Adams v. Holden,* 111 Iowa, 54, 82 N. W. 468; *Wetmore v. Crouch,* 188 Mo. 647, 87 S. W. 954.

It is clear that the plaintiff's right of action on the first count of his petition, as well as on the assessment bonds, set up in the subsequent counts, was barred by the statute of limitations.

The judgment of the district court is therefore affirmed.