(988 P.2d 254)
No. 81,839

HULDA CLANTON, *Appellant*, v. MICHAEL P. ESTIVO, D.O.,
*Appellee.*

—

Opinion filed
July 30, 1999.

*Steven W. Cole*, of Bradshaw, Johnson & Hund, of Wichita, for appellant.

*David W. Steed* and *Kevin T. Stamper*, of Turner and Boisseau, Chartered, of Wichita, for appellee.

Before GREEN, P.J., DAVID PRAGER, Chief Justice Retired, assigned, and WAHL, S.J.

PRAGER, C.J.: Hulda Clanton appeals from the dismissal of her medical malpractice action against Michael P. Estivo, D.O., on statute of limitations grounds. Clanton contends that her suit was timely filed pursuant to K.S.A. 60-518, commonly known as the savings statute.

The facts in the case are undisputed. On November 17, 1994, the defendant performed a total hip replacement on the plaintiff, who was 72 years old at the time. Thereafter, Clanton underwent additional surgeries on her hip.

On March 22, 1996, Clanton filed a civil action alleging the surgery by defendant was negligently performed and seeking to recover damages exceeding $650,000, including over $200,000 in medical expenses. This case will be referred to as Clanton I. Discovery was conducted and the case was ultimately set for trial on April 8, 1997.

One week before the scheduled trial date, Clanton filed a motion to continue the trial because of her husband's health problems. Defendant objected to the continuance, but the court continued the trial to August 26, 1997. On August 14, 1997, Clanton's attor-

ney requested another continuance of the trial because of plaintiff's poor health, after plaintiff suffered a broken shoulder in a fall. Estivo again objected and suggested the case be dismissed without prejudice rather than being continued. Plaintiff's counsel then moved to dismiss the case without prejudice. The trial court granted the motion and the case was dismissed.

On August 21, 1997, 1 week after the dismissal, plaintiff refiled her claim against Estivo. This case will be referred to as Clanton II. A discovery conference was held in October and Clanton II was set for trial on July 14, 1998. Additional discovery was thereafter conducted.

On June 4, 1998, Clanton's attorney filed a motion to dismiss the case without prejudice and to allow refiling of her claim while retaining the scheduled trial date. Clanton advised the court that counsel had failed to serve the Health Care Stabilization Fund (Fund) with notice of the second suit in a timely manner. Clanton wanted to dismiss the case and immediately refile it so she could serve both Estivo and the Fund and still keep the same trial date. Clanton argued that such a dismissal was permitted under K.S.A. 1998 Supp. 60-241(a)(2) and was not contrary to the two-dismissal rule of K.S.A. 1998 Supp. 60-241(a)(1), and that the savings statute, K.S.A. 60-518, would again permit her to refile the suit.

Defendant filed a written objection to the motion to dismiss, contending plaintiff's arguments regarding the question of whether K.S.A. 60-518 would allow the proposed third action to be filed were premature and disputing Clanton's interpretation of the two-dismissal rule of K.S.A. 1998 Supp. 60-241. Clanton's motion to dismiss was heard on June 18, 1998. At the hearing Clanton re-stated the arguments in her motion, including the belief that she could refile her suit under K.S.A. 1998 Supp. 60-241 and 60-518. Estivo's counsel restated his arguments against the dismissal.

The trial court granted Clanton's motion but stated: "I'm not making any advance ruling on whether any dismissal that I may grant today enables you to refile a third case. . . . So, I'm not giving you an advanced preliminary ruling." Clanton did not with-draw her request for a dismissal. The journal entry of dismissal expressly declined to address the issue relating to K.S.A. 60-518.

The court dismissed the case on June 24, 1998, without prejudice and specifically ruled that, upon refiling, the case would keep the same trial date.

Clanton immediately filed her case a third time on June 24, 1998. It will be referred to as Clanton III. In lieu of an answer, Estivo filed a motion to dismiss Clanton III with prejudice, contending that Clanton's claim was barred by the 2-year statute of limitations and that the savings statute, K.S.A. 60-518, did not allow Clanton another extension of the limitations period in light of her two prior dismissals. The Fund joined in Estivo's arguments in his motion to dismiss. Clanton filed a written response opposing Estivo's motion to dismiss.

At the hearing on Estivo's motion to dismiss, Estivo argued a party could not get more than one "extension" of the statute of limitations under K.S.A. 60-518. Plaintiff's counsel argued to the contrary. The trial court considered the arguments and concluded that the plain language of K.S.A. 60-518 and the interpretation in *Denton v. Atchison*, 76 Kan. 89, 90 Pac. 764 (1907), limited a party to only one use of the savings statute, and, therefore the savings statute was not applicable to Clanton's third suit. The court granted Estivo's motion to dismiss and the case was dismissed with prejudice on July 27, 1998. Clanton timely appealed.

The question before the court is whether Clanton can obtain the benefit of the savings statute, K.S.A. 60-518, in connection with the filing of her third action. The relevant dates can be restated as follows:

| | |
|---|---|
| 11/17/94 | Alleged malpractice occurs; |
| 03/22/96 | Initial action (Clanton I) filed by plaintiff; |
| 11/17/96 | Two-year statute of limitations expires; |
| 08/14/97 | Plaintiff voluntarily dismisses first case (Clanton I); |
| 08/21/97 | Plaintiff files second action (Clanton II); |
| 02/14/98 | Six-month savings statute expires from dismissal of original action; |
| 06/24/98 | Plaintiff voluntarily dismisses second action (Clanton II); |
| 06/24/98 | Plaintiff files third action (Clanton III). |

Clanton raises two issues in this appeal. She first contends that the district court erred in holding that she was not entitled to the benefit of the savings statute after two prior voluntary dismissals.

K.S.A. 60-518 states:

"If any action be commenced within due time, and the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or, if the plaintiff die, and the cause of action survive, his or her representatives may commence a new action within six (6) months after such failure."

At the time *Denton* was decided in 1907, G.S. 1868, 80-23 provided:

"If any action be commenced within due time, and a judgment thereon for the plaintiff be reversed, or if the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or, if he die, and the cause of action survive, his representatives, may commence a new action within one year after the reversal or failure."

Since 1868, while the language regarding reversals has been removed, the length of time for refiling has been shortened from 1 year to 6 months, and gender-neutral verbiage added; the structure and terms of the 1868 statute are otherwise identical to the current statutory language. When the legislature revises an existing law, it is presumed the legislature intended to change the law as it existed prior to the amendment. *State v. Spain*, 263 Kan. 708, 711, 953 P.2d 1004 (1998). Conversely, when the legislature fails to modify a statute to avoid a long-standing judicial construction of that statute, the legislature is presumed to agree with the court's interpretation. See *State v. Rollins*, 264 Kan. 466, 474, 957 P.2d 438 (1998); see also *McIver v. State Highway Commission*, 198 Kan. 678, 683, 426 P.2d 118 (1967) (holding that the failure of the legislature to disapprove of a specific judicial construction of a statute after a long period of time amounts to legislative ratification of the court's interpretation).

Moreover, *Denton* continues to be cited as good law in recent cases involving the application of the savings statute in other contexts. See *Goldsmith v. Learjet, Inc.*, 260 Kan. 176, 917 P.2d 810 (1996); *See v. Hartley*, 257 Kan. 813, 896 P.2d 1049 (1995). However, those cases did not involve a factual scenario like the present

case in which a party seeks to use the extension under the savings statute more than once and more than 6 months after the prior case was dismissed.

We think it is important to note the reasoning of the Supreme Court in *Denton* in rejecting the argument that the savings statute authorizes repeated new actions within 1 year (now 6 months) after the dismissal of the preceding action. The court stated that, if it did authorize such actions, then a cause of action could be kept alive and litigation upon it prolonged indefinitely. The court reasoned that nothing in the savings statute justifies the interpretation that a new action could be brought more than 1 year after that prior disposition. 76 Kan. at 91. A new action begun more than 1 year after the dismissal, whether it was a second or third action, would be an enlargement of the time fixed by statute and would result in permitting the plaintiff to dismiss and reinstate at will and indefinitely. 76 Kan. at 92. Here, the language of G.S. 1868, 80-23 has remained fundamentally unchanged to the present time.

Clanton's attempt to link the interpretation of K.S.A. 60-518 to the multiple dismissal provisions of K.S.A. 1998 Supp. 60-241 is not persuasive. While K.S.A. 1998 Supp. 60-241 permits multiple dismissals, it does not, by its plain terms, make any provision for altering or extending any statute of limitations.

It should also be noted that a majority of other states permit their savings statutes to be invoked only once. See Annot., 54 A.L.R. 2d 1229. In this case, Clanton properly made use of the savings statute after her dismissal of her first suit. However, before Clanton dismissed the second suit, the original 6-month extension provided by K.S.A. 60-518 elapsed. Although Clanton III was filed within 6 months after the dismissal of Clanton II, it was not filed within 6 months after the dismissal of Clanton I.

Clanton also argues that the trial court's dismissal of Clanton II with a provision that the trial date should remain the same when the case was refiled implied that the refiling would be allowed. Clanton's counsel claims they reasonably relied upon the trial court's ruling dismissing the case without prejudice and plaintiff should not be precluded from pursuing her claims. No legal authority is cited in support of this argument. The record in this case

fails to establish that Clanton's attorneys could reasonably rely on the trial court's ruling as a basis to dismiss her suit and refile it a third time. The defendant's objection to the motion to dismiss clearly challenged Clanton's position that her action could be filed a third time. Moreover, the trial judge stated specifically that he was not ruling on whether a third filing would be protected by K.S.A. 60-518. These remarks were made before any express ruling by the court on the motion to dismiss. In addition, the journal entry signed by attorneys for both parties clearly stated the court was not addressing the question of the application of K.S.A. 60-518 to a third suit.

In view of the decision in *Denton*, the plaintiff could not obtain the benefit of the savings statute a second time. Therefore, the district court correctly held that Clanton's third suit was barred by the applicable 2-year statute of limitations and properly dismissed the action.

Affirmed.