JOURNAL ENTRY AND OPINION
Laura and Jack Koslen appeal from a common pleas court judgment entered pursuant to a jury verdict in connection with their legal malpractice action against Laurie Starr and the law firm of Chattman, Gaines Stern L.P.A. arising from her representation of the Koslens' medical malpractice action against the American Red Cross and Drs. Dickman and Schneider, Laura Koslen's treating physicians. On appeal, the Koslens claim that the trial court erred in denying a new trial, in permitting the defense expert to respond to improper hypothetical questions, and in permitting Starr to testify about the conduct of the Koslens' prior counsel, contrary to the court's ruling on a motion in limine. After careful review, we have concluded that these claims are not well taken, and therefore, we affirm the judgment of the court.
The record here reflects that Laura Koslen had been diagnosed with Factor XI disorder, a rare blood condition that often results in excessive bleeding. Due to her increased risk of bleeding, her hematologist, Dr. Dickman, ordered blood transfusions prior to a laparoscopy procedure, on May 3, 1988, and her obstetrician, Dr. Schneider, also ordered blood transfusions prior to the birth of her child, on January 28, 1989. Sometime in 1990, Laura Koslen was also diagnosed with the Hepatitis C virus, which she believed she contracted from contaminated blood products.
As a result, the Koslens retained attorney Jack Turoff to pursue a medical malpractice action against the American Red Cross, which had allegedly negligently provided tainted blood, and against her treating physicians, who had allegedly negligently ordered the blood transfusions. On November 22, 1991, Turoff filed that malpractice action in common pleas court.
On April 2, 1993, however, the court dismissed the action without prejudice, pursuant to Civ.R. 41(B)(1), because Turoff had failed to obtain expert reports by the March 3, 1993 cut-off date, as previously ordered by the court.
Almost a year later, on March 25, 1994, Turoff refiled the Koslens' malpractice action, in conformity with R.C. 2305.19, the savings statute, which states the following:
 In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff * * * may commence a new action within one year after such date.
The court subsequently set the case for trial on May 15, 1995. On April 25, 1995, just three weeks prior to the trial date, Turoff filed a notice of withdrawal from representation. The Koslens, after several unsuccessful attempts to find new counsel, retained Laurie Starr, of the law firm Chattman, Gaines Stern, L.P.A. (CGS), who, after reviewing their file, determined that her new clients, the Koslens, could not win their case with the existing medical experts, whom Turoff had obtained.
Thereafter, on May 4, 1995, Starr filed a motion to continue the impending trial date, and also on May 8, 1995, she filed another motion to request an extension of the discovery cut-off date in an effort to obtain new experts for trial. The trial court held a hearing to consider both motions. Subsequently, on May 16, 1995, the court granted the motion and continued the trial to October 16, 1995, but did not expressly journalize an entry granting or denying the motion to reopen the discovery period for identification of new experts.
On June 5, 1995, Starr, after discussion with her clients, filed a voluntary notice to dismiss the case without prejudice, believing that she could refile the action for a third time pursuant to Civ.R. 41(A)(1), which provides:
(A) Voluntary dismissal: effect thereof
 (1) By plaintiff; by stipulation. Subject to the provisions of Rule 23(E) and Rule 66, an action may be dismissed by the plaintiff without order of court (a) by filing a notice of dismissal at any time before the commencement of trial * * * or (b) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court, an action based on or including the same claim.
Thereafter, Starr relocated her practice out of town and referred the Koslens to new counsel, Donna Taylor-Kolis, and on June 3, 1996, the Koslens' new counsel filed their medical malpractice action for a third time. The trial court eventually dismissed this case as being barred by the statue of limitations, finding that the savings statute could only be invoked once. The Koslens appealed that decision to this court, which upheld the trial court's dismissal in Koslen v. American Red Cross (Sept. 4, 1997), Cuyahoga App. No. 71733, unreported.
During the pendency of that appeal, however, the Koslens filed the instant legal malpractice action against Starr and CGS, alleging that Starr's June 5, 1995 voluntary dismissal of their medical malpractice action constituted legal malpractice.
At the jury trial which followed, Starr testified that after reviewing the Koslens' medical file, she determined that they could not win their medical malpractice suit with the existing experts. While she sought permission from the trial court to reopen discovery in order to obtain new experts, she also explored the possibility of a stipulated dismissal with the defendants' attorneys, who, however, would agree to a stipulated dismissal only if no new experts were obtained. Starr testified that she believed that a trial with the existing experts presented little chance of prevailing, and therefore, after the court refused to allow reopening of discovery, she believed that the only viable option to salvage the case was to voluntarily dismiss the case without prejudice and refile it, relying on the application of savings statute to circumvent the expiration of statute of limitations. She testified that she researched on the issue of whether the savings statute could be applied more than once, as would be the case in the Koslens' third filing, and her research indicated that the case law was unsettled at that time. She also testified that she had located cases where the court had allowed a second refiling of an action.
Starr further testified that she advised Laura Koslen of what she believed to be a "small risk" of the case being barred from refiling due to the potential inapplicability of the savings statute. Laura Koslen, who also testified at the trial, however, denied having been advised of the risk, but admitted that Starr had discussed the case law with her.
Thomas Brunn, Esq., a Cleveland civil trial attorney with thirty-three years of trial experience, testified as a legal expert for Starr, and opined that, under the circumstances and given the unsettled status of law, Starr acted as a prudent lawyer when she dismissed the Koslens' action pursuant to Civ.R. 41(A).
Two legal experts testified for the Koslens. Professor William Richman, a law professor at the University of Toledo College of Law, opined that at the time of Starr's dismissal of the medical malpractice action, no authority supported the proposition that the savings statute could be used more than once. Attorney Stuart Saferin, from the Ohio Attorney General's workers compensation litigation section, opined that, based on the case law at the time, he found that Starr's conduct fell below the proper standard for an attorney in like circumstances.
Following trial, the jury returned a verdict in favor of Starr and CGS. The Koslens then filed a motion for a new trial, pursuant to Civ.R. 59(A), claiming the jury verdict to be contrary to law and not supported by the manifest weight of the evidence. The court denied the motion for a new trial on October 5, 2000, and the Kolsens appealed.
Four assignments of error have been presented on this appeal, the first of which states:
 I. THE TRIAL COURT ERRED IN DENYING APPELLANTS' MOTION FOR A NEW TRIAL, AS THE VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO LAW.
Under this assignment of error, the Koslens presented two issues for our consideration. The first states:
 FIRST ISSUE: WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANTS' MOTION FOR A NEW TRIAL WHEN THE VERDICT WAS CONTRARY TO LAW AND NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE.
The Koslens contend that the jury verdict is contrary to law because they maintained that Starr's conduct in voluntarily dismissing their case constituted malpractice per se, in accordance with DePugh v. Sladoje (1996), 111 Ohio App.3d 675. In DePugh, the attorney misread the savings statute as allowing any claim to be refiled within a year, whereas the statute only applies to cases where the statute of limitation has expired at the time of dismissal. The court held there that the attorney's conduct stemming from his misreading of the statute was not a supportable strategic decision and hence constituted malpractice per se. The Koslens argue that, as in DePugh, Starr's dismissal of their medical malpractice suit is, similarly, not a supportable strategic decision and therefore constitutes malpractice per se; consequently, they contend that the court should have granted them a new trial.
Starr argues that her conduct should be evaluated under the professional judgment rule which she claims insulates her from liability provided that she acted in good faith and in an honest belief that her acts and advice were well founded and in the best interest of her client. She therefore asserts that the jury verdict was not contrary to law.
The first issue then for our review concerns whether the trial court erred in failing to grant a new trial on the ground that the jury verdict is contrary to law.
Civ.R. 59 states in pertinent part:
 A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds: * * * (2) Misconduct of the jury or prevailing party: * * * (6) The judgment is not sustained by the weight of the evidence; however, only one new trial may be granted on the weight of the evidence in the same case;
 (7) The judgment is contrary to law; * * * In addition to the above grounds, a new trial may also be granted in the sound discretion of the court for good cause shown.
When reviewing a decision of the trial court as to whether to grant a new trial, a reviewing court applies an abuse of discretion standard. See Osler v. Lorain (1986), 28 Ohio St.3d 345. A trial court abuses its discretion only when it acts in an unreasonable, arbitrary or unconscionable manner and a reviewing court should not substitute its judgment for that of the trial court. See State v. Jenkins (1984),15 Ohio St.3d 164, 222. Whether to grant or deny a motion for a new trial is within the sound discretion of the trial court, and will not be disturbed on appeal absent an abuse of discretion. State v. Schiebel (1990), 55 Ohio St.3d 71.
The elements needed to establish a prima facie case of legal malpractice are set forth in Vahila v. Hall (1997), 77 Ohio St. 421 :
 * * * [T]o establish a cause of action for legal malpractice based on negligent representation, a plaintiff must show (1) that the attorney owed a duty or obligation to the plaintiff, (2) that there was a breach of that duty or obligation and that the attorney failed to conform to the standard required by law, and (3) that there is a causal connection between the conduct complained of and the resulting damage or loss. We are aware that the requirement of causation often dictates that the merits of the malpractice action depend upon the merits of the underlying case. Naturally, a plaintiff in a legal malpractice action may be required, depending on the situation, to provide some evidence of the merits of the underlying claim. (Citations omitted.)
When representing a client, an attorney has a duty to exercise the knowledge, skill, and ability ordinarily exercised by members of the legal profession under similar circumstances. Landis v. Hunt (1992),80 Ohio App.3d 662.
At the outset of our analysis we recognize that Ohio has not adopted the professional judgment rule asserted by Starr and CGS, and, our court has recently declined to adopt it in Home Indem. Co. v. Kitchen, Deery 
Barnhouse (Nov. 22, 2000), Cuyahoga No. 77372, unreported. We remain disinclined to do so today.
We further note that DePugh v. Sladoje is distinguishable from the circumstances of the instant case. The defendant attorney in DuPugh misread the savings statute and failed to take note of the requirement plainly set forth in R.C. 2305.29 that the dismissal triggering the statute must occur after the statute of limitations has run: "[i]n an action commenced * * * if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff * * * may commence a new action within one year after such date." (Emphasis added.) In comparison, the savings statute arguably does not on its face prohibit its application more than once per claim. Therefore, DePugh is distinguishable and we decline to apply the malpractice per se standard to Starr's view of the statute in this case. Accordingly, we conclude that the jury verdict in favor of Starr is not contrary to law warranting the granting of a new trial.
The Koslens also contend that the jury verdict is against the manifest weight of the evidence and the trial court abused its discretion in failing to grant a new trial.
When considering a Civ.R. 59(A) motion on the ground that the jury verdict was not sustained by the weight of the evidence, the trial court must review the evidence adduced at trial and pass on the credibility of the witnesses. Verbon v. Pennese (1982), 7 Ohio App.3d 182. A court may not set aside a jury verdict due to the weight of the evidence upon a mere difference of opinion between the court and jury. Miller v. Paulson (1994), 97 Ohio App.3d 217.
Here, Starr testified that she became the Koslens' counsel in their medical malpractice case just three weeks before the trial and further, based on her review of the case file, concluded that the Koslens would not prevail with the existing experts. She also testified that she persuaded the court to extend the trial date but she could not gain permission to obtain new experts; that she made efforts but did not succeed in obtaining a stipulated dismissal from defendants permitting new experts; and that her research on the savings statute disclosed no controlling legal authority from either the Ohio Supreme Court or the Eighth District Court of Appeals which would prohibit her from using the savings statute to refile for a second time, although she admitted that she did find unreported decisions from several appellate districts holding that the savings statute could be applied only once. Her testimony also reflects that she advised her client the risk of being barred from refiling, and that she believed dismissing the case and refiling to be the only viable option for their claim.
Starr further testified that she was aware of a published decision from 1913, Bush v. Cole (1913), 1 Ohio App. 269, which held that the savings statute could only be applied once, but that she did not believe the case to be controlling because the statute has subsequently been amended.
Furthermore, the record contains testimony from Thomas Brunn, a civil trial attorney with thirty-three years of trial experience, who opined that Starr's conduct satisfied the standard of care given the circumstances.
Therefore, we have concluded that, given the testimony presented to the jury, the court did not abuse its discretion when, after weighing the evidence and passing on the credibility of the witnesses, it denied the Koslens' request for a new trial.
Next, we consider the second issue presented under the first assignment of error together with the fourth assignment of error, as both concern references at trial to attorney Turoff. They state, respectively:
 I. SECOND ISSUE PRESENTED FOR REVIEW: WHETHER IN LEGAL MALPRACTICE ACTION IT IS AN ABUSE OF DISCRETION TO DENY A MOTION FOR A NEW TRIAL WHEN THE PREVAILING PARTY REPEATEDLY RAISED THE ALLEGED NEGLIGENT ACTS OF PRIOR COUNSEL WHEN THE TRIAL COURT RULED SUCH EVIDENCE INADMISSIBLE PRIOR TO TRIAL.
 IV. THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING APPELLANTS' OBJECTION WITH RESPECT TO STARR'S TESTIMONY AS THE LEGAL REPRESENTATION PROVIDED BY PRIOR COUNSEL AS SUCH EVIDENCE [SIC] WAS IRRELEVANT AND ITS PROBATIVE VALUE, IF ANY, WAS SUBSTANTIALLY OUTWEIGHED BY THE DANGER OF UNFAIR PREJUDICE.
The Koslens complain that despite the court's ruling on their motion in limine to exclude the evidence of Turoff's allegedly negligent conduct, Starr's counsel and witnesses repeatedly referenced the fact that the court dismissed the first case "as a sanction" due to Turoff's failure to obtain expert reports. They therefore contend that the repeated reference to Turoff's conduct despite the court's prior ruling warrants a new trial under Civ.R. 59. Starr counters that Turoff's conduct is relevant to the issue of whether her professional decision to dismiss the case met the standard of care under the circumstances that existed when she took over the Koslens' representation.
In our view, the references to the court's dismissal of the case filed by Turoff as a sanction relate more to how and why the trial court disposed of the first case than to Turoff's conduct. Furthermore, this reference is relevant to show that, because the first case had been dismissed involuntarily, Starr theorized that she could dismiss and refile the Koslens' case voluntarily, pursuant to Civ.R. 41(A)(1). Therefore, we conclude that the trial court did not abuse its discretion when it refused to grant a new trial based on the allegedly improper references at trial to the circumstances surrounding the trial court's dismissal of the first case.
In the fourth assignment of error, the Koslens contend that the court abused its discretion in allowing Starr to make references to Turoff's conduct, because the prejudicial effect of such evidence outweighs any probative value. In particular, they challenge the court's ruling in connection with the following testimony by Starr on cross-examination:
 Q: Okay. When you got into the case in April of 1995, the first case had already been dismissed by the Court, correct?
A: The original case?
Q: Had been dismissed by the Court.
A: Which was filed in —
Q: Was it dismissed by the Court?
A: May I please answer?
Q: Yes or no, was it dismissed by the Court?
MR. PETROV: Objection.
 THE COURT: Can you answer yes or no? Give a narrative if you cannot.
 THE WITNESS: Thank you, Your Honor. The case, the original case that was filed in 1991, was dismissed involuntarily by the Court. It was not a voluntary dismissal by the Plaintiff. It was — The case was dismissed as a sanction.
 MR. SMITH: Your Honor, now this has nothing to do with my question.
 THE WITNESS: It certainly does. I'm answering the question.
THE COURT: Yes, it does.
MR. SMITH: It does. Okay.
THE COURT: Finish it off.
 THE WITNESS: Thank you, Your Honor. The court dismissed the original case that was handled by the prior lawyer as a sanction for his failure to meet deadlines mandated by the Court for all the parties. * * * (Emphasis added.) (Tr. 274.)
Evid. R. 403 provides in part:
 (A)Exclusion mandatory. Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice * * *.
Here, a review of the colloquy indicates that the Koslens' counsel protested that Starr's response had nothing to do with his question, but accepted the court's ruling and never objected or moved to strike the testimony. The Koslens therefore waived the right to review on this issue. Moreover, as we have determined, these challenged statements by Starr relate not so much to what the prior counsel did as to how the trial court disposed of the first case. Finally, as we have also determined, the court's disposition of the first case was relevant to support Starr's belief that the case could be refiled pursuant to Civ.R. 41(A). Accordingly, we are satisfied that the danger of unfair prejudice caused by this testimony, if any, does not substantially outweigh its probative value, and therefore admission of this testimony does not violate Evid.R. 403. Consequently, this assignment of error is not well-taken.
The Koslens' second assignment of error states:
 THE TRIAL COURT ERRED WHEN IT ALLOWED APPELLEES' EXPERT TO GIVE AN OPINION BASED UPON A HYPOTHETICAL QUESTION AS TO WHETHER APPELLEE SATISFIED HER DUTY COMMUNICATING HER EVALUATION WHEN SUCH OPINION WAS NOT STATED WITHIN A REASONABLE DEGREE OF PROFESSIONAL CERTAINTY OR PROBABILITY.
This assignment of error concerns the following colloquy:
 Q. I want you to assume that Laurie Starr evaluated the strengths and weakness of Koslen versus the American Red Cross case as it existed in May and June of 1995 and communicated her conclusions, her assessment to the Koslens.
 Do you have an opinion as to whether she satisfied her duty in communicating her evaluation?
MR. SMITH: Objection.
A. Yes, I do.
THE COURT: Overruled. You may answer.
BY MR. PETROV:
Q. And what is your opinion?
A. I believe she satisfied that requirement. (Tr. 939)
The Koslens complain that this hypothetical question posed to Starr's expert witness about whether she satisfied her duty of communicating her evaluation to her clients had been improper, because it did not ask for a conclusion to be drawn to a reasonable degree of professional certainty.
An expert's response to a hypothetical question must be framed in terms of reasonable certainty or probability. See State v. Buell (1986), 22 Ohio St.3d 124, 133-134.
Here, the record reveals that in his examination of Thomas Brunn, Esq., defense counsel posed two hypothetical questions, each soliciting Brunn's opinion "to a degree of reasonable professional certainty," prior to asking the third hypothetical question challenged here, which omitted the qualifying phrase. Based on the entirety of the record and given that the two immediately preceding hypothetical questions were properly couched in terms of reasonable certainty, we do not perceive this omission to have affected the Koslens' substantial rights rising to the level of reversible error. Consequently, we overrule this assignment of error.
The Koslens' third assignment of error states:
 THE TRIAL COURT ERRED WHEN IT ALLOWED APPELLEES' EXPERT WITNESS TO GIVE AN OPINION IN RESPONSE TO A HYPOTHETICAL QUESTION THAT ASSUMED MATERIAL FACTS NOT IN EVIDENCE, CONTRARY TO EVID.R. 703.
The Koslens contend that the court erred when it allowed defense counsel to pose a hypothetical question to the defense expert, which asked the expert to assume the trial court's denial of the Koslens' motion to obtain additional medical experts. The question reads:
 And I want you to further assume that Ms. Starr concluded that expert — different expert witnesses would be required to withstand that motion [for summary judgment filed by American Red Cross], and to prepare the case in a way that would give the Koslens a reasonable chance of prevailing at trial, and that she asked the Court and opposing counsel for the opportunity to obtain additional experts, and that request was denied.
The Koslens contend that the court never denied that request. Evid.R. 703 provides:
 The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by him or admitted in evidence at the hearing.
"It is well established that an expert can base an opinion only on facts presented in a hypothetical question if evidence tending to establish those facts is admitted into evidence." Sowers v. Middletown Hosp.(1993),89 Ohio App.3d 572, 582 (citation omitted).
Here, the record reflects that on May 4, 1995, Starr filed a motion to continue the trial date, and on May 8, 1995, a motion to extend discovery cut-off, for the purpose of obtaining new experts. Following a hearing on both motions, the trial court continued the trial date but its journal entry was silent as to new experts. Furthermore, Starr testified that she understood, based on the discussion with the court at the hearing and based on the journal entry, that the court had denied her request for obtaining new experts. See State ex rel. The V Cos. v. Marshall (1998),81 Ohio St.3d 467, 469 (when a trial court fails to rule upon a pretrial motion, it is presumed that the trial court denied the motion.) Because Starr had presented evidence which tended to establish that the court denied her request for new experts, we conclude that the trial court properly permitted the hypothetical question.
The Koslens also challenge the assumption that the law regarding dismissals was unsettled in Ohio at the time Starr dismissed the case. The relevant portion of the hypothetical question states:
 I want you to assume that in April, May and early June, 1995 Ms. Starr researched applicable Ohio Law concerning the dismissal and refiling of civil cases, including the Ohio Rules of Civil Procedure, and Rule 41 in particular, including the Savings Statute, and including pertinent case law, that she concluded that the law on the subject was unsettled and without controlling precedent from either the Supreme Court of Ohio, or the Cuyahoga County Court of Appeals, and that her legal analysis lead [sic] her to conclude that the Koslens' pending claim could probably be dismissed and refiled, but that there was some risk that a court would later rule that the case was not eligible for refiling.
As to this challenged assumption in the hypothetical question, a careful reading of the question shows that the Koslens mischaracterized the assumption: counsel asked the expert to assume that Starr concluded that the law on the subject matter was unsettled, and not, that the law was unsettled at the time. Because evidence admitted at trial included Starr's testimony tending to establish that she concluded from her research that no controlling authority prohibited her use of the savings statute to refile the Koslens' case, the trial court did not err when it admitted the hypothetical question. Consequently, we reject this assignment of error.
On the basis of the foregoing, we affirm the judgment of the trial court entered pursuant to the jury verdict in this case.
Judgment affirmed.
It is ordered that appellees recover of appellants their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, J., CONCURS; KENNETH A. ROCCO, P.J., CONCURS with Separate Concurring Opinion attached.