IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 113,060

DARIO LOZANO,
*Appellant*,

v.

OSCAR ALVAREZ and ARACELY ALVAREZ,
*Appellees.*

SYLLABUS BY THE COURT

1.

The savings statute provisions of K.S.A. 60-518 apply only to an action that was commenced during the statute of limitations period and that was dismissed for a reason other than on the merits after the expiration of the statute of limitations period.

2.

The dismissal of an action that was refiled during K.S.A. 60-518's 6-month grace period does not trigger another grace period because the refiled case is not an "action" to which K.S.A. 60-518 applies.

Review of the judgment of the Court of Appeals in an unpublished opinion filed October 2, 2015. Appeal from Ford District Court; VAN Z. HAMPTON, judge. Opinion filed May 26, 2017. Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.

*Peter J. Antosh*, of Garcia & Antosh, LLP, of Dodge City, argued the cause and was on the brief for appellant.

*Andrew M. Stein*, of Doll Law Firm, LLC, of Dodge City, argued the cause and was on the brief for appellees.

1

The opinion of the court was delivered by

JOHNSON, J.: Plaintiff, Dario Lozano, filed an intentional tort lawsuit against the defendants, Oscar and Aracely Alvarez, claiming that they battered him at a company holiday party. The case was dismissed for lack of prosecution, refiled, and dismissed again for lack of prosecution. Lozano filed this third action, relying once again on K.S.A. 60-518. Ultimately, the district court dismissed the lawsuit with prejudice and the Court of Appeals affirmed, holding, *inter alia*, that a party may use the Kansas savings statute, K.S.A. 60-518, only one time to resurrect a case dismissed for a reason other than upon the merits, when the statute of limitations for the underlying cause of action has expired. We affirm the result in this case.

FACTUAL AND PROCEDURAL OVERVIEW

The underlying facts are undisputed. On December 4, 2010, Lozano and the Alvarezes fought during a company-sponsored Christmas party. Exactly 1 year later, on the last day before the applicable statute of limitations in K.S.A. 60-514(b) would run, Lozano filed a civil action against the Alvarezes for injuries he suffered as a result of the battery. (*Lozano I*.) *Lozano I* was dismissed without prejudice by the Ford County District Court on August 28, 2012, for lack of prosecution.

On February 27, 2013, Lozano refiled his case using the Kansas savings statute, which allows a case that has been dismissed for a reason other than the merits to be refiled within 6 months of the dismissal, notwithstanding that the statute of limitations has expired. (*Lozano II*.) The district court dismissed *Lozano II* without prejudice on December 31, 2013, once again for a lack of prosecution.

2

Lozano refiled the action on June 18, 2014, attempting to invoke K.S.A. 60-518 a second time. (*Lozano III*.) The Alvarezes moved to dismiss with prejudice, claiming the savings statute did not permit the refiling. The district court granted the motion, ruling that *Clanton v. Estivo*, 26 Kan. App. 2d 340, 988 P.2d 254 (1999), was controlling and that it prohibited the use of K.S.A. 60-518 more than once.

A timeline of the relevant events is as follows:

December 4, 2010:  Fight.

December 5, 2011:  Lozano files *Lozano I*; statute of limitations expires.

August 28, 2012:  *Lozano I* dismissed without prejudice for lack of prosecution.

February 27, 2013:  *Lozano II* filed under K.S.A. 60-518.

February 28, 2013:  Six months expires after dismissal of *Lozano I*.

December 31, 2013:  *Lozano II* dismissed without prejudice for lack of prosecution.

June 18, 2014:  *Lozano III* filed under K.S.A. 60-518.

June 30, 2014:  Six months expires after dismissal of *Lozano II*.

October 20, 2014:  *Lozano III* dismissed with prejudice.

The Court of Appeals affirmed the district court's dismissal with prejudice. *Lozano v. Alvarez*, No. 113,060, 2015 WL 5750439 (Kan. App. 2015) (unpublished opinion). The panel noted *Clanton* and *Denton v. Atchison*, 76 Kan. 89, 90 P. 764 (1907), but relied principally on the plain language of K.S.A. 60-518 to find two limitations on the plaintiff's ability to refile:  (1) The application of the savings statute "is limited to a plaintiff's original action," and, thus, the statute provides only one, 6-month grace period; and, (2) "K.S.A. 60-518 clearly limits a plaintiff refiling under the statute a single time." *Lozano,* 2015 WL 5750439, at *4-5. The panel found that Lozano had exceeded both limitations; *Lozano III*'s June 18, 2014, filing date was more than 6 months after the

3

August 28, 2012, dismissal of the originally filed lawsuit, and it was Lozano's second invocation of the savings statute.

Lozano timely seeks review of the Court of Appeals decision, contending that the panel misconstrued the plain language of K.S.A. 60-518.

APPLICATION OF THE K.S.A. 60-518 SAVINGS STATUTE

This case requires us to construe and apply K.S.A. 60-518. Specifically, we will need to answer whether the statute may be invoked in serial fashion, with the only limitation being that each new case must be filed within 6 months of the prior case's dismissal. We hold that the savings statute may not be invoked after the expiration of 6 months following the dismissal of the original action that was filed within the statute of limitations.

*Standard of Review*

The interpretation of a statute is a question of law subject to unlimited review. *Neighbor v. Westar Energy, Inc.*, 301 Kan. 916, 918, 349 P.3d 469 (2015). Likewise, a district court's decision to grant a motion to dismiss is reviewed de novo. *Platt v. Kansas State University*, 305 Kan. 122, 126, 379 P.3d 362 (2016).

*Analysis*

Our first step in statutory interpretation is to attempt to ascertain what the legislature intended by simply reading the statutory language, ascribing ordinary meaning to common words. *State v. Urban,* 291 Kan. 214, 216, 239 P.3d 837 (2010). The savings statute reads as follows:

4

"If any action be commenced within due time, and the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or, if the plaintiff die, and the cause of action survive, his or her representatives may commence a new action within six (6) months after such failure." K.S.A. 60-518.

K.S.A. 60-518 has not been amended since being enacted in 1963. Other than removing language regarding reversals, shortening the length of time for refiling from 1 year to 6 months, and adding gender-neutral language, our 21st century law is the same as the 19th century law in Kansas. Compare K.S.A. 60-518 with G.S. 1868, 80-23; see *Clanton*, 26 Kan. App. 2d at 343. The Kansas savings statute was a codification of the common-law "rule of 'journeys account,'" which was intended to allow a plaintiff time to travel (by the slower means of conveyance in those days) to the courthouse to refile a case which had been dismissed for some matter of form, rather than on the merits. *Denton*, 76 Kan. at 91; Black's Law Dictionary 967 (10th ed. 2014). The savings statute does not modify the applicable statute of limitations, nor does it create a new one; instead, K.S.A. 60-518 operates to toll the statute of limitations under certain circumstances, in order to allow a party to gain a determination on the merits. See *Roy v. Young*, 278 Kan. 244, 249-50, 93 P.3d 712 (2004).

The *Denton* court was faced with applying the earlier version of the savings statute—which allowed 1 year to refile—to a circumstance similar to this case. Denton's first case, which was filed within the statute of limitations, was dismissed for a failure to prosecute, and he refiled within 1 year. After the refiled case (second case) was dismissed, Denton filed yet another case (third case) within 1 year of the dismissal of the second case. The third case filing date was beyond the statute of limitations and well past the original 1-year grace period.

5

*Denton* rejected the notion of serial refiling under the savings statute, whereby a plaintiff could "dismiss and reinstate at will and indefinitely." 76 Kan. at 92. It held that "[t]he general periods of limitation are not changed" by the savings statute provision, but it was "intended to give a party who . . . brought an action [in time,] which was disposed of otherwise than upon the merits after the statute of limitations had run[,] a year of grace in which to reinstate his case and obtain a determination upon the merits." 76 Kan. at 91. But "*[o]nly one year* after such failure is given to bring a new action" and a new action begun after more than 1 year, "*whether it was the second or third action*, would be an [impermissible] enlargement of the time fixed by statute." (Emphasis added.) 76 Kan. at 92.

Just shy of a century later, a panel of the Court of Appeals applied our current statute in *Clanton*, where the plaintiff sought to use K.S.A. 60-518 more than once. The panel found that *Denton* was still good law with respect to the current statute and held that the plaintiff could not refile her case a second time, despite being within 6 months of the dismissal of her first refiled case, because it was more than 6 months after the dismissal of the original case. *Clanton,* 26 Kan. App. 2d at 344. But the opinion went beyond what was necessary to decide the case, stating in the syllabus that "[a] plaintiff is limited to a single use of the savings provision of K.S.A. 60-518 after a statute of limitations has run." 26 Kan. App. 2d 340, Syl.

Lozano acknowledges that the holdings in both *Denton* and *Clanton* are adverse to his position. If he gets only one statutory grace period, as *Denton* held and *Clanton* confirmed, that period expired under K.S.A. 60-518 on February 28, 2013, long before the current case was filed in June 2014. If he can use K.S.A. 60-518 only one time, as the dictum in *Clanton* declared, he spent that one opportunity on February 27, 2013, with *Lozano II*. Consequently, Lozano is left with the tack of arguing that *Denton* was applying a different statute and that *Clanton* misread a plainly worded statute.

6

Lozano's plain language argument is, at first blush, mildly seductive. He points out that the statutory language begins by declaring that it applies to "any action." Consequently, he argues, *Lozano II* was "any action"; it was commenced within due time because it was filed within the first 6-month grace period; it failed other than on the merits; its time limit had expired; and its cause of action can survive if *Lozano III* is filed within 6 months of *Lozano II*'s failure. Lozano contends that the only way in which one can defeat his plain language interpretation of K.S.A. 60-518 is to add language to the statute. Then he points to *Bergstrom v. Spears Manufacturing Co.*, 289 Kan. 605, 609, 214 P.3d 676 (2009), for the proposition that this court has "elected to refrain from reading language into the statutes." Therefore, he concludes, the statute plainly permits serial refiling.

The Court of Appeals acknowledged that Lozano had correctly identified the "three external events" that must occur to trigger the savings provision of K.S.A. 60-518, to-wit: "(1) if the plaintiff commences his or her action within due time; (2) if the plaintiff fails in such action otherwise than upon the merits; and (3) if the time limited for the plaintiff to file the same shall have expired." *Lozano,* 2015 WL 5750439, at *4. But the panel opined that the statute is not broad enough to encompass a refiled action, as Lozano suggests. Rather, the statutory phrases "any action"; "such action"; and "the same," all "refer to a plaintiff's original action." 2015 WL 5750439, at *4. In support of that interpretation, the panel invoked "the last antecedent rule, which states that 'qualifying words are "ordinarily confined to the last antecedent, or to the words and phrases immediately preceding."' [Citations omitted.]" 2015 WL 5750439, at *4. Accordingly, if the three external events all refer to the original action, then Lozano only had one grace period of 6 months following dismissal of the original action; and the current action was appropriately dismissed.

7

Although that holding was sufficient to dispose of the case before the panel, it chose to go further and hold that "the plain language of K.S.A. 60-518 clearly limits a plaintiff to refiling under the statute a single time." 2015 WL 5750439, at *5. Its rationale is based on the statutory language that says a plaintiff "'may commence *a* new action within six (6) months after such failure.'" 2015 WL 5750439, at *5. The panel believed that the word "a," being a singular article, denoted an intent that K.S.A. 60-518 could only be invoked one time. 2015 WL 5750439, at *5. We take the liberty of addressing this holding first.

We are not convinced that the statutory language upon which the panel relied plainly limits refilings to one time. For instance, Lozano followed the statutory directive of commencing "a" new action within 6 months after a failure; he filed but one new action on February 27, 2013, (*Lozano II*) when the original action failed and then filed only one new action on June 18, 2014, (*Lozano III*) when *Lozano II* failed. In other words, the use of the article "a" does not *clearly* preclude serial refilings under K.S.A. 60-518.

Nevertheless, the statutory language employed, when coupled with our precedent, clearly signals that the intent is to provide but *one grace period* from the dismissal of the originally filed action. Specifically, K.S.A. 60-518 limits the phrase "any action" with the qualification that it be "commenced within due time." For at least 130 years in this state, "within due time" has referred to the statute of limitations. See *Seaton v. Hixon*, 35 Kan. 663, 666, 12 P. 22 (1886). The *Seaton* court rejected an argument that the phrase "within due time" precluded the application of the savings statute to a case which had been filed prematurely by explaining as follows:

"These words are used with reference to the full running of statutes of limitations and the absolute barring of actions thereby, *and not with reference to anything else*. All that they

8

require to bring the action within said § 23 [the predecessor statute to K.S.A. 60-518] is that the action shall be commenced before any statute of limitations has barred a recovery. If the action is commenced before it has been barred by any statute of limitations, then it is commenced 'within due time' within the meaning of the foregoing section; but if it is not commenced until after it has been barred, then it is not commenced 'within due time.'" (Emphasis added.) *Seaton*, 35 Kan. at 666-67.

*Denton* cited *Seaton* when it rejected the argument that the plaintiff should be allowed to use the savings statute a third time, outside of the statute of limitations and outside of the original grace period following the first dismissal, because doing so would constitute an unlawful enlargement of the statute of limitations. *Denton*, 76 Kan. at 92-93; see also *Bush v. Cole*, 1 Ohio App. 269, 271-72 (1913), *aff'd* 91 Ohio St. 369 (1914) (words "due time" referred to statute of limitations).

Therefore, based on our interpretation of K.S.A. 60-518, bolstered by *Denton* and *Seaton*, we hold that the 6-month grace period in the savings statute applies only to an action that was commenced during the statute of limitations period, *i.e.*, "within due time." Then, because the savings statute is specifically applicable only where "the time limited for the [original action] shall have expired" at the time of dismissal, any action subsequently filed during the 6-month grace period would always be after the statute of limitations has expired and could never be "commenced within due time." Consequently, the dismissal of an action that was filed during K.S.A. 60-518's 6-month grace period does not trigger another grace period because it is not an "action" to which K.S.A. 60-518 applies. In short, a plaintiff is limited to one 6-month period of grace to get a determination on the merits; refilings beyond that 6-month period are barred by the statute of limitations.

Whether a plaintiff may refile multiple actions within the 6-month grace period following dismissal of a timely filed original action is a question that is not presented by

9

the facts of this case, and we decline to address it. Here, *Lozano II* could not qualify for a separate 6-month grace period under K.S.A. 60-518 because *Lozano II* was not "commenced within due time," *i.e.*, commenced within the statute of limitations period. *Lozano III* was not filed within 6 months of the failure of the only action that was subject to K.S.A. 60-518, which was *Lozano I*. In other words, *Lozano III* was barred by the statute of limitations and the district court correctly dismissed the action with prejudice.

Affirmed.