872 F.2d 278
 EVANSTON INSURANCE COMPANY, an Illinois corporation,
Plaintiff-Appellee,
v.
FRED A. TUCKER & CO., INC., a Washington corporation, Defendant,
and
James Rothaus and Jane Doe Rothaus; Harold Hanson and
Severin Hjelle, Defendants-Appellants,
and
Insurance Company of North America, (INAPRO), Third Party
Defendant Appellant.
 Nos. 87-4274, 87-4275.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Dec. 16, 1988.
Memorandum Feb. 27, 1989.
Opinion April 13, 1989.
 
 Allan H. Baris, Merrick, Hofstedt & Lindsey, P.S., Seattle, Wash., for defendants-appellants.
 Scott A. Milburn, Preston, Thurgrimson, Ellis & Holman, Seattle, Wash., for plaintiff-appellee.
 Appeal from the United States District Court for the Western District of Washington.
 Before GOODWIN, Chief Judge, WRIGHT and WALLACE, Circuit Judges.
 ORDER
 A request for publication of the Memorandum filed on February 27, 1989 is granted. The disposition will be refiled as a per curiam published Opinion.
 OPINION
 PER CURIAM:
 
 
 1
 We construe a provision of an "Insurance Agents and Brokers Liability Policy" and determine the standing of James Rothaus and the Insurance Company of North America ("INAPRO") to appeal a declaratory judgment entered against other defendants.
 
 FACTS
 
 2
 Fred A. Tucker, Jr., and James Rothaus were Washington insurance brokers. In July 1982, Harold Hansen and Severin Hjelle requested that Tucker and Rothaus obtain marine insurance on their two fishing vessels through Lloyd's of London. They paid a premium of $73,915.50. Eventually, the parties learned that an intermediary broker failed to obtain the coverage. Hansen and Hjelle asked return of their premium.
 
 
 3
 Evanston Insurance Co. provided coverage to Fred A. Tucker and Co. ("FATCO"), Tucker, and Rothaus under a professional errors and omissions policy. It brought a declaratory action seeking a judgment that the policy did not cover claims made against the insureds. Hansen and Hjelle appeal from summary judgment holding that provision 1(f) of the policy excluded their claims.
 
 DISCUSSION
 I. Insurance Policy Exclusion 1(f)
 
 4
 This case turns on whether exclusion 1(f) is ambiguous. It states that the insurance policy does not apply
 
 
 5
 to any claim based upon or arising out of the commingling of monies or accounts, or to any claim for loss monies received by the insured or credited to the insured's account or to any claim for fees, premiums, taxes, commissions or brokerage monies. (emphasis supplied.)
 
 
 6
 Hansen and Hjelle contend that the exclusion applies to claims for premiums owed as legitimate business debts, rather than to claims for negligence where the measure of damages happens to be the amount of premiums paid. We disagree.
 
 
 7
 A court will not modify clear and unambiguous language under the guise of construing a policy. E.g., Federated Am. Ins. Co. v. Strong, 102 Wash.2d 665, 670, 689 P.2d 68 (1984). In construing the language of an insurance contract, a court examines the contract as a whole and if, on the face of the contract, two reasonable and fair interpretations are possible, an ambiguity exists. E.g., State Farm Gen. Ins. Co. v. Emerson, 102 Wash.2d 477, 484, 687 P.2d 1139 (1984).
 
 
 8
 We agree with the reasoning and conclusion of the district court order that the policy excludes unambiguously any claim for premiums, regardless of how characterized. Viewing this contract as a whole we cannot find two reasonable and fair interpretations.
 
 II. Standing
 
 9
 Before Evanston brought this action to obtain a declaratory judgment, Hansen and Hjelle brought a state action for the amount of their premium and for damages under Washington's Consumer Protection Act. That suit also involved the Insurance Company of North American ("INAPRO") who insured Rothaus under a separate errors and omissions policy. The state case ended in a partial settlement among Hansen, Hjelle, Rothaus, Evanston, Tucker, FATCO and INAPRO. Thereunder, Evanston denied coverage but stipulated that FATCO and Fred A. Tucker were liable to Hansen and Hjelle for the premium plus interest. INAPRO and Rothaus agreed to pay half the stipulated amount of liability and the remainder if Evanston had no liability under its policy.
 
 
 10
 Rothaus and INAPRO assert that they have standing to appeal the declaratory judgment below because it affects their liability under the settlement agreement. The relevant order did not resolve claims by or against them; the judgment did not mention them nor did the Rule 54(b) certificate.
 
 
 11
 Libby, McNeill, & Libby v. City Nat'l Bank, 592 F.2d 504, 506-07 (9th Cir.1978), forecloses standing in this case. Libby had an agreement with Shanghai Instant Foods, Inc. to produce packaged frozen meals. Libby gave telephone authorization and submitted "blanket purchase orders" for Shanghai to make purchases from suppliers. Shanghai also obtained financing from City National Bank ("CNB") by granting a security interest in its accounts receivable. Libby owed Shanghai under the agreement when Shanghai petitioned in bankruptcy. Libby brought an interpleader action based on the sum owed to Shanghai naming as defendants the trustee in bankruptcy, CNB, and various suppliers that Shanghai had not paid.
 
 
 12
 The trial court determined that Libby was liable to the suppliers independently. It nonetheless allowed Libby to offset these amounts against the money owed CNB as the assignee of Shanghai's accounts receivable. Id. at 507.
 
 
 13
 CNB attempted to appeal Libby's liability to the suppliers. Id. at 511. Its interest in the litigation arose out of its independent contractual relationship with Shanghai. It wanted to avoid Libby's offset against the amount interpleaded. We held it had no standing to appeal Libby's liability because its interest was "indirectly pecuniary" rather than "direct and immediate." Id. at 512.
 
 
 14
 Here, Rothaus' and INAPRO's interest in the declaratory judgment arises out of their independent partial settlement with Hansen and Hjelle. Like CNB, they have no standing. See also SEC v. Securities Northwest, Inc., 573 F.2d 622, 625-26 (9th Cir.1978) (former officer and shareholder of debtor corporation could not appeal liquidation proceedings although it affected his liability for the debtor's unpaid taxes).
 
 
 15
 Although we dismiss Rothaus and INAPRO for lack of standing, our disposition does not affect the merits of any claims involving them still pending in the district court or any action yet to be asserted. See Securities Northwest, 573 F.2d at 626 n. 9 ("We ... intimate nothing concerning the merits of [the] dispute or whether appellant may have a remedy in an appropriate forum."); cf. Smith v. Lujan, 588 F.2d 1304, 1307 (9th Cir.1979) (res judicata inapplicable to second suit where first suit dismissed for lack of jurisdiction).
 
 
 16
 AFFIRMED.