(843 P.2d 273)

No. 67,461

MICHAEL D. PICKENS, *Appellee,* v. ALLSTATE INSURANCE COMPANY, *Appellant.*

Opinion filed December 4, 1992.

*Christopher Randall* and *D. Lee McMaster,* of Wichita, for the appellant.

*Craig Shultz,* of Shultz, Webb & Lonker, Chartered, of Wichita, for the appellee.

Before DAVIS, P.J., BRAZIL and RULON, JJ.

DAVIS, J.: Allstate Insurance Company (Allstate) appeals the trial court's determination that Allstate was bound by a default

judgment entered in favor of its insured motorist, Michael D. Pickens, against Robert Wise, an uninsured motorist. We affirm.

On July 24, 1989, Pickens' motorcycle collided with a pickup truck driven by Robert Wise. Pickens suffered a number of injuries as a result of the collision. Robert Wise was uninsured. Mid-Century Insurance Company (Mid-Century) insured Pickens' motorcycle and provided $25,000 in uninsured motorist coverage. In addition, an automobile insurance policy issued to Pickens' parents by Allstate provided $100,000 in uninsured motorist coverage.

Pickens filed an action against Wise and Mid-Century alleging that the accident was the result of the negligence of Wise. Pickens' attorney advised Allstate by letter of the suit and further advised of the right to intervene, indicating that any judgment ultimately obtained would be binding upon the insurer. A copy of the petition filed was sent to Allstate. Allstate did not respond.

When Robert Wise did not respond to the petition filed, Pickens filed a motion for default judgment and sent Allstate a second letter informing it of the motion for default judgment. Allstate advised Pickens' attorney that it did not believe Pickens was an insured under the policy issued to his parents. Before default judgment was entered, Allstate acknowledged that Pickens was covered to the extent that his claim exceeded the limits of the Mid-Century policy. Allstate indicated that, based upon the information provided to it, Pickens' claim would not exceed the limits of his coverage with Mid-Century. Allstate elected not to join in the pending suit.

On the scheduled date, the district court entered a default judgment against Robert Wise, concluding that Pickens' injuries entitled him to damages of $150,000. The court indicated that, although not binding on Mid-Century, the judgment was to be given full force and effect in all other respects. The court set a trial date for the dispute between Pickens and Mid-Century. Prior to trial, Mid-Century agreed to pay a $25,000 settlement, and the court dismissed Pickens' claim against Mid-Century.

Pickens then filed suit against Allstate, alleging that (1) Pickens had obtained a $150,000 judgment against Wise; (2) Mid-Century had settled with Pickens for $25,000; and (3) Allstate owed Pickens $75,000 plus interest under the provisions of the parents' unin-

sured motorist coverage. Allstate denied that the default judgment entered against Wise was valid, lawful, or binding against it and filed for a judgment on the pleadings.

The court granted Pickens' summary judgment motion, finding that Allstate failed to act after Pickens provided the insurer with sufficient notice of the suit against Wise. The court attempted to balance the need for a full trial on the merits against Pickens' right to have the case decided in a timely manner. In granting judgment against Allstate, the court concluded that Allstate was not denied due process of law and ordered it to pay Pickens $75,000.

Allstate raises two points: First, it contends that the default judgment against Wise is wholly ineffective against Allstate. It bases its argument on the case of *Reliance Insurance Companies v. Thompson-Hayward Chemical Co.*, 214 Kan. 110, 519 P.2d 730 (1974), contending that the trial court's allowing Mid-Century to assert that Wise was not negligent after entry of the default judgment rendered the judgment against Wise incongruous and illegal. Second, Allstate asserts that as an excess insurer it is liable for Pickens' loss only after Pickens exhausts the limits of his primary coverage with Mid-Century. Allstate argues that it cannot be bound by any judgment unless Mid-Century also is bound by the judgment and has exhausted its policy limits pursuant to that judgment.

We note that Allstate did not specifically raise its first argument of alleged incongruity or illegality before the trial court. Rather, it argued only that it was not bound by the default judgment. We recognize that a point not presented in the trial court cannot be raised for the first time on appeal. However, because the issue may have been implicitly raised, we elect to address this question on the merits.

*Reliance Insurance Companies* provides little, if any, support for Allstate. First, *Reliance* holds that when one of several defendants alleged to be jointly and severally liable defaults, judgment should not be entered until the dispute has been adjudicated with respect to all defendants or all defendants have defaulted. 214 Kan. at 118. Mid-Century, Allstate, and Wise are not subject to joint and several liability as were the defendants in *Reliance*. Mid-Century's and Allstate's liability is contingent

on Wise's liability; they are not jointly and severally liable. The distinction is significant because the present defendants' liability is premised on different theories. The insurers' liability is contractual; Wise's liability is based on tort. Moreover, while jointly and severally liable defendants each are liable for the entire judgment, the extent of the insurers' liability is confined to the policy limits.

Second, Allstate is liable because it promised to provide coverage when its insured was "legally entitled to recover" damages from an uninsured motorist. (The insurance policy is not contained in the record, but we must assume that it was prepared in accordance with Kansas law. See K.S.A. 1991 Supp. 40-284[a], [b].) The default judgment entered against Wise "legally entitled" Pickens "to recover" damages from Wise, an uninsured motorist, within the meaning of the Mid-Century and Allstate policies. Pickens is just as legally entitled to recover damages from Wise as a result of a default judgment as he would be if judgment had been entered after a trial on the merits. K.S.A. 60-255. *Guillan v. Watts*, 249 Kan. 606, 616-17, 822 P.2d 582 (1991), provides that once an insurance carrier is notified of the action and elects not to intervene, it is bound by the judgment obtained:

"The Kansas public policy, that all issues in a lawsuit should be tried in one trial and that compensation to innocent persons injured by the negligent conduct of an underinsured motorist is required would be violated if an insurer that refused to intervene in the action was allowed to refuse payment on an underinsured motorist policy after its insured had established the liability of the underinsured motorist whether by a trial of that issue or a proper confession of judgment in the action. Once the insured has notified his insurer and the insurer elects not to intervene and become a party to the action, the insurer is bound by the judgment, whether the judgment is by trial or based on a proper settlement agreement between the parties to the action and approved by the court."

Although the facts in *Guillan* concerned underinsured motorist insurance, the same analysis applies to uninsured motorist coverage.

Finally, the potential for incongruity simply does not exist in this case because Allstate's liability, although contingent on Wise's liability, is based on an insurance contract and triggered by its policyholder's legal entitlement to recover damages from Wise.

Thus, nothing prohibited the court from entering the default judgment against Wise.

Kansas law recognizes that Allstate had a financial stake in the outcome of its insured's action against Wise and so permits Allstate to intervene in the primary action if its rights are not adequately represented by the parties. *Rawlins v. Stanley*, 207 Kan. 564, Syl. ¶ 1, 486 P.2d 840 (1971). Allstate had notice of Pickens' action against Wise and chose not to intervene. Allstate had notice of Pickens' pending motion for a default judgment and still chose not to intervene. In so doing, Allstate subjected itself to a "distinct and real hazard" that it might be required to provide coverage to its insured for any resulting judgment. *Rawlins*, 207 Kan. at 569.

Allstate argues that the trial court's holding that its judgment did not bind Mid-Century relieves Allstate of liability. It claims that, as an excess insurer, it may not be liable until Pickens exhausts the limits of the Mid-Century policy. It further claims that it cannot be bound by the judgment unless Mid-Century also is bound by the judgment. Because the policies are not in the record, we are unable to say whether Allstate's policy is an excess policy within the meaning of that term. We note, however, that Allstate concedes that Mid-Century settled with Pickens for the uninsured motorist coverage limits. Thus, the issue is moot.

The trial court's finding that Mid-Century was not bound by the judgment against Wise was not a determination that Mid-Century was not liable to pay the judgment to the extent of its policy limits. Neither Mid-Century nor Allstate is "bound by" a judgment against Wise in the technical meaning of that term; the insurers' liability is based on the insurance contract. In the absence of a policy, Pickens could not collect the judgment from Mid-Century or Allstate. Allstate is liable to Pickens because it promised to provide coverage to Pickens for damages Pickens was "legally entitled to recover" from an uninsured motorist. The judgment against Wise establishes Pickens' legal entitlement and determines the amount Pickens is entitled to recover. The law permitted Allstate to protect its financial interest in the outcome of the action against Wise. Allstate had notice and opportunity to intervene in the underlying action. It chose not to do so. It may not under these circumstances relitigate the questions of

liability and damages. See *Guillan*, 249 Kan. at 616-17 (public policy would be undermined if insurer allowed to attack judgment entered after it declined to intervene in underlying action).

We affirm.