No. 101,666

HERMAN M. TERNES, *Appellee*, v. JOSEPH P. GALICHIA, M.D., *Appellee*, and ACCIDENT RECOVERY TEAM, P.A., and JAMES A. CLINE, *Intervenors/Appellants*.

(305 P.3d 617)

Opinion filed July 26, 2013.

*Todd E. Shadid,* of Klenda, Mitchell, Austerman & Zuercher, L.L.C., of Wichita, argued the cause, and *Christopher A. McElgunn,* of the same firm, was on the briefs for appellants.

*Lisa A. McPherson,* of Martin, Pringle, Oliver, Wallace & Bauer, L.L.P., of Wichita, argued the cause, and *Marcia A. Wood,* of the same firm, was with her on the briefs for appellee Joseph P. Galichia, M.D.

The opinion of the court was delivered by

ROSEN, J.: In this procedurally complicated medical malpractice action, issues of standing and the application of a statute of limitations defense are raised by the intervening attorneys, who are also defendants in a separate, but related, legal malpractice action. The Court of Appeals reversed the district court and remanded for a trial, and this court granted review.

The plaintiff in this action, Herman M. Ternes, was injured on March 5, 2004, in the course of surgery performed by Joseph P. Galichia, M.D. On February 9, 2005, Ternes sought legal advice from James A. Cline of Accident Recovery Team, P.A. On March 3, 2006, 2 days before the expiration of the statute of limitations, Cline filed suit on behalf of Ternes against Galichia and the Galichia Medical Group, P.A. Cline delegated the responsibility of obtaining service on Galichia to a paralegal, who failed to achieve proper service.

On June 28, 2006, Galichia and Ternes filed a joint request for a screening panel under K.S.A. 60-3502, and on September 27, 2006, Galichia designated his screening panel member. On October 19, 2006, Galichia sent a letter to Ternes' counsel stating that he had not received Ternes' screening panel designation. Receiving no answer, Galichia sent a second letter on November 9, 2006, requesting Ternes' designation. Then, on November 28, 2006, Galichia's original counsel withdrew, and new counsel entered an appearance on his behalf.

On July 23, 2007, Galichia filed a motion to dismiss the screening panel action based on Ternes' failure to prosecute the action in a timely manner. The district court granted the motion without prej-

udice on August 13, 2007. Then, on January 2, 2008, the district court granted Ternes' motion, filed through Cline, to dismiss the underlying malpractice action without prejudice.

On May 23, 2008, Ternes filed through different counsel a new lawsuit with a new district court case number seeking damages against Galichia. On August 13, 2008, Galichia filed a motion to dismiss, asserting a statute of limitations defense.

On August 29, 2008, Cline and Accident Recovery Team filed a motion to intervene. In the motion, they averred that Ternes had informed them that he did not intend to oppose Galichia's motion to dismiss. The sole purpose of the proposed intervention was to oppose the motion to dismiss. The district court conducted a hearing on the motions and granted the motion to intervene under K.S.A. 60-224(a)(2).

On September 5, 2008, the district court granted Galichia's motion to dismiss based on an expired statute of limitations. Cline and Accident Recovery Team filed a timely notice of appeal to the Court of Appeals.

Galichia filed two motions before the Court of Appeals seeking dismissal of the appeal on jurisdictional or standing grounds. The Court of Appeals denied both motions without comment. Ternes elected not to file briefs in the Court of Appeals. Following oral argument, the Court of Appeals reversed the district court and remanded for further proceedings. *Ternes v. Galichia*, 43 Kan. App. 2d 857, 234 P.3d 820 (2010). The intervenors appealed and this court granted review. Because we find that Cline and Accident Recovery Team have no standing in this matter and should not have been allowed to intervene, we are without jurisdiction to reach the issue of whether the medical malpractice action was time-barred.

*Standing to Intervene*

A threshold question in this appeal is whether the appellant lawyers were properly allowed to intervene to oppose the defendant physician's motion to dismiss. This case presents a curious take on the question of standing. The intervenors essentially intervened as plaintiffs: they seek to compel Ternes to proceed with his litigation

against Galichia, even though the intervenors suffered no harm from the actions of that defendant.

The Court of Appeals held that intervention was proper. 43 Kan. App. 2d at 861. We take up the question of standing to intervene and disagree with both the district court and the Court of Appeals in their conclusions that Cline and Accident Recovery Team met standing requirements in either the district court or on appeal.

K.S.A. 2012 Supp. 60-224(a)(2) requires a court to permit intervention by any party who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter substantially impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

The Kansas intervention statute is patterned after Rule 24(a)(2) of the Federal Rules of Civil Procedure. Federal decisions interpreting Rule 24 may serve as persuasive guidance for interpreting and applying Kansas procedural statutes. See *Aeroflex Wichita, Inc. v. Filardo*, 294 Kan. 258, 264, 275 P.3d 869 (2012).

Standing is a component of subject matter jurisdiction. *State v. Ernesti*, 291 Kan. 54, 60, 239 P.3d 40 (2010). As a jurisdictional question, standing requires a court to determine whether a party has alleged a sufficient personal stake in the outcome of the controversy to invoke jurisdiction and to justify the court exercising its remedial powers on the party's behalf. Because standing implicates the court's jurisdiction to hear a case, the existence of standing is a question of law over which this court exercises unlimited review. *Cochran v. Kansas Dept. of Agriculture*, 291 Kan. 898, 903, 249 P.3d 434 (2011). Because standing is a jurisdictional issue, it may be raised at any time and on an appellate court's own motion. *Vorhees v. Baltazar*, 283 Kan. 389, 397, 153 P.3d 1227 (2007).

The appellant lawyers must demonstrate standing both to intervene and to appeal. In order to establish standing, a party must present an injury that is concrete, particularized, and actual or imminent; the injury must be fairly traceable to the opposing party's challenged action; and the injury must be redressable by a favorable ruling. See *Horne v. Flores*, 557 U.S. 433, 445, 129 S. Ct. 2579, 174 L. Ed. 2d 406 (2009). A corollary of standing is that the

opposing party must have an ongoing interest in the dispute sufficient to establish concrete adverseness. See *Bond v. United States*, 564 U.S. 211, 217, 131 S. Ct. 2355, 180 L. Ed. 2d 269 (2011).

The determination of whether a sufficient interest exists to establish standing is highly fact-specific. See, *e.g.*, *Security Ins. Co. of Hartford v. Schipporeit*, 69 F.3d 1377, 1381 (7th Cir. 1995). Courts have pointedly avoided making definitive rules governing sufficiency of the interest. See, *e.g.*, *Reich v. ABC/York-Estes Corp.*, 64 F.3d 316, 322 (7th Cir. 1995) (something more than a mere "betting" interest); *United States v. City of Chicago*, 870 F.2d 1256, 1260 (7th Cir. 1989) (interest is less than a property right).

The intervenors in this case did not become subject to a burden on their property rights and were not subjected to the imposition of some burden or obligation or the denial of some personal or property rights when the district court dismissed Ternes' case. See *Fairfax Drainage District v. City of Kansas City*, 190 Kan. 308, 315, 374 P.2d 35 (1962). The intervenors may be disadvantaged by such a ruling, but the enforcement of their rights is the subject of a separate lawsuit. Because Cline and Accident Recovery Team did not suffer an injury from any action on the part of the defendant, they have no injury that is redressable by a favorable ruling against the defendant.

A party generally must assert its own legal rights and interests and may not base its claim to relief on the legal rights or interests of third parties. See *Kowalski v. Tesmer*, 543 U.S. 125, 129, 125 S. Ct. 564, 160 L. Ed. 2d 519 (2004). The only legal interest that the intervenors have in the present action is the speculative effect of this action on an independent lawsuit; the defendant in the present lawsuit is not a party to that litigation.

In *United States v. Texas Eastern Transmission Corp.*, 923 F.2d 410, 414 (5th Cir. 1991), the court held that a theoretical impairment of an interest is insufficient to satisfy statutory requirements. The court noted that the possibility that a party might have to respond to a questionable argument in a subsequent action is not a sufficiently practical impairment of that party's interest in protecting its interests to warrant intervention.

In *Southmark Corp. v. Cagan*, 950 F.2d 416, 418-19 (7th Cir. 1991), the court held that the interest of an investor in a real estate partnership, who had only a potential unliquidated tort claim against the partnership, would not be impaired by the disposition of a foreclosure action against the partnership's real interest. The investor had already filed her own action, which would provide an opportunity to protect her interests.

In *In re Rothstein, Rosenfeldt Adler, P.A.*, No. 09-34791-BKC-RBR, 2010 WL 1740706 (Bankr. S.D. Fla. 2010) (unpublished opinion), prospective intervenors sought to intervene in a bankruptcy action to preserve liability insurance coverage that would be a primary source of recovery in state court actions. The court denied intervention, finding the intervenors' interests to be purely economic and speculative, as it was not known at the time whether they would prevail in their state court action. The court noted that an intervenor's interest must be one that the substantive law recognizes as belonging to or being owned by the applicant, and a legally protectable interest is an interest that derives from a legal right. *In re Rothstein*, 2010 WL 1740706, at \*1.

In the present case, the intervenors cannot assert a legal right to the litigation taking place between Ternes and the provider of his medical services. They could not have joined as plaintiffs when the suit was originally filed, and they cannot recover any compensation from the defendants. The intervenors' interest in this litigation is not direct, concrete, particularized, or actual or imminent.

The intervenors attempt to analogize their status to that of insurance companies seeking to intervene to protect their rights in automobile negligence actions. See, *e.g.*, *Chamberlain v. Farm Bureau Mut. Ins. Co.*, 36 Kan. App. 2d 163, 172, 137 P.3d 1081, *rev. denied* 282 Kan. 788 (2006); *Barlett v. CNA*, 33 Kan. App. 2d 519, 523-24, 104 P.3d 1011, *rev. denied* 279 Kan. 1005 (2005) (insurance carrier that fails to intervene in tort action is precluded from later challenging court-approved settlement).

This analogy is inapt. Insurance companies have contractual obligations to pay judgments and court-approved settlements and have no independent means to contest those payments. In the present case, however, a judgment against the plaintiff in itself creates

no legal obligation among the parties. Any compensatory award against the intervenors is speculative and can only result from a judgment in a separate lawsuit, a lawsuit in which the intervenors may defend themselves and in which they may independently prevail. If the medical malpractice action had proceeded to trial, Cline and Accident Recovery Team would have played no role in the proceedings: they could scarcely have asserted an interest as injured plaintiffs, and they would have been at most curious bystanders. Their eventual intervention as advocates for the plaintiff arose from their adversarial relationship with the plaintiff, not out of any coincidence of interests with the plaintiff.

Furthermore, even if Cline and Accident Recovery Team had properly been admitted as intervenors below, their lack of standing to assert an independent plaintiff's malpractice action would deprive them of standing to take this appeal. When the original plaintiff declines to take an appeal and the only party seeking appellate review is an intervenor, the intervenor must be able to demonstrate independent standing to prosecute the action. See *Diamond v. Charles*, 476 U.S. 54, 68, 106 S. Ct. 1697, 90 L. Ed. 2d 48 (1986).

Professors Wright, Miller, and Cooper state that it is a "basic proposition" that "a plaintiff who lacks standing to bring suit cannot require an appellate court to decide on the merits." 15A Wright, Miller & Cooper, Federal Practice and Procedure § 3902, p. 61 (2d ed. 1992). They point out that "[t]he rule against advancing the rights of others has been followed even in circumstances in which disposition of a claim between other parties may have had a significant effect on the appellant." 15A Wright, Miller & Cooper, Federal Practice and Procedure § 3902, pp. 71-72; see *Evanston Ins. Co. v. Fred A. Tucker & Co., Inc.*, 872 F.2d 278, 280 (9th Cir. 1989); *Aubin v. Fudala*, 782 F.2d 280, 285 (1st Cir. 1983).

This rule is sensible in that it prevents the creation of an "empty" lawsuit, in which an intervenor-plaintiff could prevail on appeal but could not pursue any claim on remand. This is, of course, the possible outcome in the present case if this court were to concede standing to the appellants and were to affirm the decision by the Court of Appeals.

Because Cline and Accident Recovery Team lacked standing to intervene in district court and lacked standing to take this appeal, the appeal is dismissed. The remaining procedural issues brought by the appellants are moot. The decision of the Court of Appeals reversing the district court is vacated.